IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURICE OWENS                               *
        Petitioner,
   v.                                       *   CIVIL ACTION NO. JKB-12-2258

CALVERT COUNTY GOVERNMENT     *
        Respondent.
                                         ***

## MEMORANDUM

Now pending before the court is Maurice Owens's ("Owens") court-ordered supplemental 28 U.S.C. § 2254 petition for habeas corpus relief[1] filed on August 13, 2012 (ECF No. 4), and respondent's unrefuted answer. (ECF No. 8.) After review of these documents, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*. For the reasons to follow, the respondent's request for dismissal shall be GRANTED.

## Factual & Procedural History

In *State v. Owens*, Criminal No. 04-K-04-166, and *State v. Owens*, Criminal No. 04-K-04-168, Owens pled guilty to one count of resisting arrest and one count of fleeing and eluding a police officer in the Circuit Court for Calvert County on December 9, 2004. ECF No. 8 at Exs. 1 & 2. On June 10, 2005, Judge Marjorie Clagett sentenced Owens to a three-year term, all but six months suspended, with five years' probation on the resisting arrest charge. On the fleeing and eluding

---

[1] The initial petition alleged violations of Owens's constitutional rights in July 2009 by the Calvert County Circuit Court resulting in the imposition of an illegal sentence. ECF No. 1. It raised conclusory claims of prosecutorial misconduct, discrimination, negligence, and cruel and unusual punishment. Owens further claimed that he was not notified of the reasons for his probation violation in 2009 and sought an unspecified amount of damages. When afforded the opportunity to file a supplemental petition, Owens seemingly raised a challenge to his convictions and detention. ECF No. 4.

count, Owens was sentenced to a three-year term, all but one year suspended, with five years' probation to be served consecutive to the sentence imposed for resisting arrest. Owens did not file an application for leave to appeal and the judgments became final on July 10, 2005. On March 7, 2006, the circuit court granted Owens's requests for reconsideration of sentences. As a result, Owens was released from custody to probation on time served on the resisting arrest charge and also released from custody on the fleeing and eluding count, with the three-year sentence suspended to five years' probation. ECF No. 8 at Ex. 1 at pg. 9; Ex. 2 at pg. 12.

Probation revocation proceedings commenced against Owens in both cases. In July of 2009, he was found to have violated his probation and was sentenced to a cumulative five-year term. *Id*. at Ex. 1 at pg. 10; Ex. 2 at pg. 14. Owens did not file an application for leave to appeal the judgments, which became final on August 26, 2009.

In July of 2010, Owens filed a petition for post-conviction relief. Subsequent to a hearing before Judge Salmon, post-conviction relief was denied on November 1, 2011. The applications for leave to appeal the denial of post-conviction relief were filed and remain pending in both cases as of the within signature date. *Id*. at Ex. 1 at pgs. 13-16; Ex. 2 at pgs. 16-19.

## **Analysis**

To the extent the petition seeks habeas relief,[2] the court has generously construed the self-represented petition to allege that Owens's constitutional rights were violated when he was not notified of the reasons for the violation of probation. ECF No. 1.

---

[2] Insofar as Owens is seeking damages relating to his detention on his violation of probation conviction, his civil rights claim shall be dismissed without prejudice. He is advised, however, that he may not seek damages with regard to the lawfulness of his conviction in the absence of showing that the conviction has been overturned or otherwise vacated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Respondent argues that the petition should be dismissed because the ground raised has not been exhausted as it was raised in his collateral review proceedings and Owens's application for leave to appeal his post-conviction petition remains pending before the Court of Special Appeals of Maryland. ECF No. 8 at Memorandum, pg. 7.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Proc. §§ 7-101 et seq. (LexisNexis 2008). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Stachowski v. State,* 6 A.3d 907, 919 (Md. 2010); *Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981).

Where a federal habeas petition presents exhausted and unexhausted claims and the unexhausted claim or claims would not be entertained by the state court if presented there, the United States Court of Appeals for the Fourth Circuit has determined "the claim to be exhausted and denied on an adequate and independent state-law ground." *George v. Angelone*, 100 F.3d 353, 364-65 n.14 (4th Cir. 1996). Except in limited circumstances, *see Rhines v. Weber*, 544 U.S. 269, 276-79 (2005) (addressing stay of "mixed" habeas petition), where state court review remains available, a federal habeas petition raising exhausted and unexhausted claims must be dismissed in its entirety

unless the state, through counsel, expressly waives the exhaustion requirement. In this case, respondent expressly declines to waive the exhaustion requirement. ECF No. 8.

Owens has not fully exhausted his state court remedies as to his claim. He has not completed post-conviction review. Therefore, his petition shall be dismissed without prejudice as unexhausted, to allow him to re-file this case after completion of state remedies.

Owens is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[3] Should he wish to re-file this petition once he has exhausted his available state court remedies, Owens should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his

---

[3] This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The court declines to issue a COA because Owens has not made the requisite showing. A separate order follows.

Date: June 17 , 2013                  /s/
                                             James K. Bredar
                                             United States District Court Judge